UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES, :
: Case No. 5:20-cr-00215
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 25]
MICHAEL W. HUMPHRIES, :
:
    Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 19, 2020, the United States charged Michael W. Humphries with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1).[1] Defendant Humphries now moves to suppress evidence that the Government seized during the execution of the search warrant that led to his indictment.[2]

In support of his suppression motion, Humphries says the affidavit supporting a search gave strong evidence that Humphries was involved with drug trafficking at one location but gave insufficient evidence to support a search of the different location where Humphries often slept.[3] The Government opposes.[4]

For the following reasons, the Court **DENIES** Defendant's motion to suppress.

I.   Background

In 2019, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") investigated Defendant Michael Humphries and seven other suspects for the violation of firearm and controlled substance laws.[5] In support of this investigation, on June 19, 2019,

---

[1] Doc. 10.
[2] Doc. 25.
[3] *Id.*
[4] Doc. 26.
[5] Doc. 25-1 at 4-5.

Case No. 5:20-cr-00215
Gwin, J.

ATF Special Agent Clay McCausland filed an affidavit seeking a search warrant for two Akron, Ohio residences: 391 Fuller Street and 1675 Rockford Street.[6]

The affidavit stated that Defendant Humphries and associates engaged in substantial illegal drug and gun activity at 391 Fuller Street. For example, the affidavit alleged: (1) two confidential informants repeatedly purchased controlled substances at the Fuller address, where they saw guns and large drug quantities;[7] (2) law enforcement surveilling the Fuller Street residence observed Humphries with a gun[8] and a suspected controlled substance;[9] (3) law enforcement surveilling the Fuller Street residence observed individuals in cars making short-term stops;[10] and (4) law enforcement obtained recorded jail phone conversations in which individuals associated with the Fuller address, including Humphries, discussed drug trafficking and paying for the Fuller house's rent and utilities.[11]

Though McCausland's affidavit alleged substantial criminal activity at the Fuller address, the affidavit alleged no criminal activity at 1675 Rockford Street. Instead, the affidavit alleged only that Humphries regularly stayed the night at the Rockford address. For example, the affidavit stated that cell phone data shows that Humphries's phone was near the Rockford address during the nights of May 17 – 20, 2019.[12]

On the basis of ATF Special Agent McCausland's affidavit, a federal magistrate judge issued a search warrant for both the Fuller and Rockford addresses.[13] Law enforcement

---

[6] *Id.* at 5. McCausland also sought a warrant for a black 1998 Chevrolet van. *Id.*
[7] *Id.* at 8-9, 11-13.
[8] *Id.* at 13.
[9] *Id.* at 25.
[10] *Id.* at 13-14.
[11] *Id.* at 16-20.
[12] *Id.* at 25.
[13] *Id.* at 1.

-2-

Case No. 5:20-cr-00215
Gwin, J.

conducted a search of the Rockford Street address the following morning.[14] In searching the Rockford Street residence, law enforcement found four shotgun shells in a bedroom.[15]

On March 19, 2020, due to the shotgun shells and Humphries's prior convictions, the United States charged Humphries for being a felon in possession of ammunition, under 18 U.S.C. §§ 922(g)(1).[16]

II. Discussion

Defendant Humphries now moves to suppress the shotgun shells and any statements he subsequently made to law enforcement.[17] Humphries concedes that the search warrant affidavit contained sufficient facts to show probable cause for the Fuller address search.[18] However, Humphries argues that the affidavit lacked facts sufficient to support a probable cause finding to search 1675 Rockford.[19] He further argues that the officers' reliance on the search warrant was not objectively reasonable and therefore the *Leon* "good faith exception does not apply."[20] The Court will address each argument in turn.

A. The Warrant to Search the Rockford House Was Not Supported by Probable Cause.

The Fourth Amendment requires a search warrant to describe particularly the place to be searched and the persons or things to be seized.[21] The affidavit supporting the search

---

[14] *Id.* at 55-56.
[15] *Id.*
[16] Doc. 10.
[17] Doc. 25.
[18] *Id.* at 5.
[19] *Id.* at 5.
[20] *Id.* at 7 (citing *United States v. Leon*, 468 U.S. 897 (1984)).
[21]

-3-

Case No. 5:20-cr-00215
Gwin, J.

warrant must demonstrate a nexus between the evidence sought and the place to be searched.[22]

In his motion to suppress, Defendant Humphries argues that Special Agent McCausland's affidavit gives no specific evidence of illegal activity at the Rockford address.[23] Defendant argues that his "suspected drug trafficking out of [the Fuller address] does not automatically support probable cause that evidence of unlawful activity will be found in [the Rockford address]."[24]

In opposition, the Government argues that the Court can infer evidence of criminal activity at the Rockford address because Defendant was staying the night at Rockford during the same time police observed his criminal activities at the Fuller address.[25]

Under *United States v. Brown*, the Government's suggested inference is insufficient for probable cause.[26] In *Brown*, the Sixth Circuit found that police lacked probable cause to search Brown's residence despite the Government's argument that Brown was "a known drug dealer."[27] The Sixth Circuit said the nexus requirement had not been met where "the affidavit contained no evidence that [the defendant] distributed narcotics from his home, that he used it to store narcotics, or that any suspicious activity had taken place there."[28] The court invalidated the search, explaining that "if the affidavit fails to include

---

[22] *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004).
[23] Doc. 25 at 5.
[24] *Id.* at 6.
[25] Doc. 26 at 6-7 ("Based upon Defendant's significant involvement in the illegal activity occurring at 391 Fuller Street and his frequent travel between the two locations, it was reasonable for investigators to believe that evidence of the activity at 391 Fuller Street may be found at 1675 Rockford Street."). For example, on the morning of June 7, 2019, law enforcement observed Humphries's car at the Rockford address. Doc. 25-1 at 27. Later that evening, law enforcement observed Humphries possessing a pistol magazine at the Fuller address. *Id.* at 28.
[26] 828 F.3d 375 (6th Cir. 2016)
[27] *Id.* at 378.
[28] *Id.* at 382.

-4-

Case No. 5:20-cr-00215
Gwin, J.

facts that directly connect the residence with the suspected drug dealing activity, . . . [then] it cannot be inferred that drugs will be found in the defendant's home — even if the defendant is a known drug dealer."[29]

In the instant case, McCausland's affidavit did not include facts that directly connect the Rockford address with any suspected drug dealing activity. And while the McCausland affidavit described Humphries firearm use at the Fuller Street location, it did not describe any Humphries firearm possession at the Rockford address.

Under *Brown*, Defendant's suspected criminal activity at the Fuller address cannot provide sufficient probable cause to support a warrant for the Rockford address. Thus, the warrant was issued without probable cause.

### B. Though the Warrant Lacked Probable Cause, the Executing Officers Relied on the Warrant in Good Faith.

The usual remedy for an unconstitutional search and seizure is exclusion of the evidence at the defendant's trial.[30] But the Supreme Court has determined that the exclusionary rule's deterrent effect should focus on the police, not on magistrates who may make mistakes in assessing probable cause.[31] Therefore, because the Rockford address was searched under the authority of a search warrant issued by a judicial officer, the Court must determine if the law enforcement officers' good-faith reliance on the warrant should be excepted from the exclusionary rule.[32]

To determine whether a good-faith exception to the exclusionary rule applies, the Court must decide "whether a reasonably well trained officer would have known that the

---

[29] *Id.*
[30] *Illinois v. Krull*, 480 U.S. 340, 347 (1987).
[31] *Leon*, 468 U.S. at 916.
[32] *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017).

-5-

Case No. 5:20-cr-00215
Gwin, J.

search was illegal despite the magistrate's authorization."[33] The Supreme Court has outlined four circumstances in which no reasonable officer would have relied on a judge-issued warrant.[34] This case involves the third scenario: when an officer "rel[ies] on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[35]

For an officer's reliance on a warrant to have been reasonable, the warrant application must have provided "a minimally sufficient nexus between the illegal activity and the place to be searched."[36]

In assessing reasonableness in the instant case, *United States v. McCoy* provides considerable guidance.[37] *McCoy* involved facts similar to the instant case. There, pursuant to a judge-issued warrant, police officers searched the defendants' home and found drugs, drug-distribution paraphernalia, and a large amount of cash.[38] The district court suppressed the evidence, holding that because the warrant application failed to connect defendants' home with drug-trafficking activity, no reasonable officer could have relied on the warrant.[39]

---

[33] *Leon*, 468 U.S. at 922 n.23.
[34] *See id.* at 914–15.
[35] To the extent Defendant argues that, under the fourth *Leon* exception, the warrant was facially deficient due to paragraph 12, Doc. 25 at 7–8, the Court rejects this argument. In paragraph 12, the affidavit mixes up the Fuller address with the Rockford address. *See* Doc. 25-1 at 6. However, the context and totality of the affidavit demonstrates that the difference is a typographical error, as the affidavit is clearly offered in support for the warrant to search 1675 Rockford Street. Attachments A and B, which are incorporated into the affidavit, correctly set forth the place to be searched and the items to be seized.
[36] *Brown*, 828 F.3d at 385 (quoting *Carpenter*, 360 F.3d at 596).
[37] 905 F.3d 409, 416 (6th Cir. 2018) (quoting *Brown*, 828 F.3d at 385) (emphasis added); *see also United States v. Frazier*, 423 F.3d 526, 536 (6th Cir. 2005) (explaining that good-faith reliance on an affidavit requires a "less demanding showing than the 'substantial basis' threshold required to prove the existence of probable cause" (quoting *Carpenter*, 360 F.3d at 595)).
[38] *McCoy*, 905 F.3d at 413.
[39] *Id.*

Case No. 5:20-cr-00215
Gwin, J.

The Sixth Circuit reversed.[40] The Sixth Circuit applied the *Leon* good-faith exception and held that the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[41] The court explained that "a link between the drug dealer's activities and his home that would be insufficient to establish probable cause may suffice to establish good-faith reliance on the warrant."[42]

The "link" that supported the good-faith exception in *McCoy* was the defendant's "continual-and-ongoing-operations" of a drug distribution business.[43] "Under this continual-and-ongoing-operations theory, [the Sixth Circuit has] at times found a nexus between a defendant's residence and illegal drug activity with no facts indicating that the defendant was dealing drugs from his residence."[44]

In the instant case, the search warrant affidavit tends to show that Defendant Humphries was involved in a continuous-and-ongoing drug trafficking business while he was staying at the Rockford address. Evidence of this business justified the probable cause finding for the search of the Fuller house, which Humphries does not challenge. And following *McCoy*, evidence of Defendant's continual-and-ongoing drug trafficking operations is enough to find that the officers reasonably believed there was probable cause to search the Rockford address.

In sum, the Court concludes that the law enforcement officers in this case acted reasonably in relying on the faulty warrant. The good-faith exception to the exclusionary rule saves the evidence recovered in the search of the Rockford address. Likewise, any

---

[40] *Id.* at 421.
[41] *Id.*
[42] *Id.* at 17 (citing *Frazier*, 423 F.3d at 537).
[43] *Id.*
[44] *Id.* at 418.

Case No. 5:20-cr-00215
Gwin, J.

statements Humphries made while under arrest, and after he was given *Miranda* warnings, will not be suppressed.

## ORDER

For the foregoing reasons, Defendant's motion to suppress is **DENIED**.

IT IS SO ORDERED.

Dated: July 23, 2020              *s/        James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE